The Honorable Brian D. Lynch
Chapter: 11
Hearing Date: September 29, 2010
Hearing Time: 9:00 a.m.
Hearing Location: Tacoma, Courtroom I
Response Date: September 22, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re:<br><br>HAWKS PRAIRIE INVESTMENT LLC,<br><br>Debtor. | No. 10-46635-BDL<br><br>MOTION FOR APPLICATION OF THE SINGLE ASSET REAL ESTATE RULES |

HomeStreet Bank ("HomeStreet"), through its undersigned counsel, moves for a determination that the Debtor's property is single asset real estate as that term is defined in Bankruptcy Code § 101(51B) and that the single asset real estate provisions of the Code, including § 362(d)(3), apply to this case.

## I. INTRODUCTION.

### 1.1 HomeStreet.

HomeStreet is the principal secured creditor in this case holding secured note obligations exceeding $32 million.

### 1.2 This is a Single Asset Real Estate Case

11 U.S.C. § 362(d)(3) imposes certain requirements on the debtor in a single asset real estate case. If a debtor in a single asset real estate case fails to satisfy these requirements—i.e., the commencement of payments to secured creditors or the filing of a feasible plan—within 90 days after the petition date or 30 days following the court's determination that the case is a single



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

asset real estate case, § 362(d)(3) requires that the court grant relief from stay with respect to the single asset real estate upon request of a party in interest and after notice and a hearing.

A determination by this Court that this case is a single asset real estate case will aid all of the parties in interest. As a consequence of such determination, the Debtor will be subject to the aforementioned requirements. Consequently, the Court will be required to grant relief from stay with respect to the Debtor's real estate in the event that Debtor fails to commence payments to secured creditors or file a feasible plan by November 11, 2010 (i.e., 90 days from the August 13, 2010 petition date).

### 1.3 The Applicability of the Single Asset Real Estate Definition Should be Decided at the Outset of the Case

The Debtor declined on its petition in this case to describe the nature of its business as "Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)". Instead, the Debtor elected to check the "Other" box without providing an alternate description of its business. *See* Docket No. 1.

Because the Debtor refused in this case to check the appropriate box on its petition, the Court must enter an order providing that the property is single asset real estate. Section 362(d)(3), which entitles a secured creditor to relief from stay with regard to real property in certain circumstances, only applies when the property at issue is single asset real estate. Specifically, that section provides in part that relief from stay shall be granted unless the debtor commences payments to the creditors whose interest is secured by the property or files a confirmable plan

> not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to [§ 362(d)(3)], whichever is later . . .

11 U.S.C. § 362(d)(3).

As a result of the Debtor's failure to check the appropriate box on its petition, the case is not a single asset real estate case until the Court declares it so. Without that determination the



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

parties will not know whether the deadlines set forth in § 362(d)(3) apply. As a practical matter, § 362(d)(3) makes no sense unless a party in interest can seek a determination early in the case on the issue of whether the single asset definition and resulting deadlines apply.

This Court should enter an order declaring that the property is single asset real estate as that term is defined in § 101(51B) and directing that provisions of the Bankruptcy Code applicable to single asset real estate cases shall apply in this case. The facts support such an order.

## II. FACTS

The property of the Debtor is a single real estate development project in Lacey, Washington. *See* Declaration of Mark Ahlstedt, ¶¶ 2-3. The assets of the estate are real property.[1] The business of the Debtor is development of real estate. The Debtor does not operate any business on the property. Any income from the property will be obtained through sale, rental or financing of real property. A case involving real property held for development and resale is the classic example of a single asset real estate case. The fact that there are multiple parcels does not alter the nature of the case or the application of § 362(d)(3).

## III. ANALYSIS

### 3.1 The Single Asset Real Estate Provisions Apply

The Debtor's property is "single asset real estate" under the definition set forth in § 101(51B). The single asset real estate provisions apply even though the property is comprised of multiple legal parcels and has been proposed to be constructed in phases. *In re Club Golf Partners, L.P.*, 2007 WL 1176010, *5 (E.D. Tex. 2007). An effect of the single asset real estate designation is contained in § 362(d)(3), which provides consequences for the Debtor's failure to timely file a confirmable plan or commence adequate protection payments. However, the issue presented relates not to the remedy, but to the definition of "single asset real estate."

---

[1] The personal property of the debtor consists of equipment, material, records and documents related to development of real property



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

Section § 101(51B) defines single asset real estate as

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

Even though the property is comprised of multiple tax parcels or may be developed in phases, it nevertheless falls within the above definition. Any contrary finding would ignore the word "project" in the definition. *In re Kara Homes, Inc.,* 363 B.R. 399, 406 (Bankr. D.N.J. 2007).

**3.2 Multiple Lot Projects Are Single Asset Real Estate**

The leading case on the definition of single asset real estate is *In re Philmont Dev. Co*., 181 B.R. 220 (Bankr. E.D. Pa. 1995). In that case, the court stated that § 101(51B) enumerates certain criteria that must be satisfied before real property can be considered single asset real estate for purposes of § 362(d)(3). These criteria are: "[(1) The subject real property must constitute a] single property or project, other than residential real property with fewer than 4 residential units . . . [; (2)] that real property must generate substantially all of the income of the debtor . . . [; and (3)] the debtor must not be involved in any substantial business other than the operation of [such] property . . . ]" *Id.* at 223.

The Hawks Prairie development clearly meets all three relevant criteria. The *Philmont* case notably dealt with *two separate lots* and some limited partnerships. The *Philmont* Court stated as follows:

> The Court . . . concludes that the particular type of property in question here falls squarely within the purview of the statute. In this respect, the [c]ourt is strongly influenced by the drafters [sic] decision to include two separate classifications of real property within the purview of section 101(51B). Under section 101(51B), real property includes "single property" as well as "single project[s]." The Court is convinced that even if the Debtor limited partnerships' real property does not fall within the scope of a "single property," because it consists of a string of semi-detached dwellings, the term "single project" can reasonably be interpreted as broad enough to encompass the series of semi-detached houses owned by the limited partnerships.



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

*Id.* The *Philmont* Court determined that the phrase "single project" in § 101(51B) would be rendered inoperable if a court were to conclude that the single asset real estate rule does not apply in a case involving two separate lots. *Id.* at 224-25. Because such a result would violate basic rules of statutory interpretation, such a determination would be improper. *Id.*

In *In re Pensignorkay, Inc.*, 204 B.R. 676 (Bankr. E.D. Pa. 1997), the property consisted of 275 acres in two separate parcels. The court held that the property, which was acquired for further subdivision and development, constituted a "single property or project." *Id.* at 681-82; *see also In re Kara Homes, Inc.*, *supra* (multiple cases for affiliated developers of single family homes held to be single asset real estate cases).

**3.3 Follow the Money: The Debtor's Income Will Come Solely From Development and Disposition of the Property**

In addition to cases that have considered the status of the land in determining whether such land falls within the definition of single asset real estate, other cases have instead analyzed the sources of the income—actual or prospective—from the business of the debtor. If funds are to come from the sale or rental of the real estate, the single asset real estate rule applies. If there are services that generate revenue other than real property income, such as income from hotels, resort marinas and golf courses, courts have generally held that the property is not single asset real estate under the Code and the single asset real estate provisions do not apply.[2]

The combination of these cases led the author of an excellent law review article on the subject of single asset real estate to conclude as follows:

> From these cases, it is clear a "single asset real estate" case is one in which the debtor derives its income (if any) solely from performing functions intrinsic to owning and developing the real estate and is not one where the debtor generates income from other activities not incidental to merely owning or developing the real estate. Applying this easily stated principle to the multitude of fact patterns presented by real estate bankruptcy cases is another matter.

[2] The golf courses operating under the name "The Golf Club at Hawks Prairie" are not affiliated with the Debtor and are not part of the Debtor's project.



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

John B. Butler III, Section 362(d)(3): A Singular Provision of the Bankruptcy Code, 6 DePaul Bus. & Com. L.J. 205 (Winter 2008).

The case law both before and after the adoption of the single asset rule looked to other aspects of the case. In a case that predates the rule, Fifth Circuit described a single asset debtor in the context of a bad faith filing analysis as follows:

> The debtor has one asset, such as a tract of undeveloped or developed real property. The secured creditors' liens encumber this tract. There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments . . . . Typically, there are only a few, if any, unsecured creditors whose claims are relatively small. The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court.

*Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1073 (5th Cir. 1986).

The Debtor's list of its 20 largest unsecured creditors is instructive. The list reflects a legal bill of over $290,000.00, and other creditors offering services specifically related to land development. The total unsecured debt of approximately $376,000.00 is "relatively small" in contrast to the $10 million to $50 million in total debt indicated on the petition. *See* Docket No. 1.

The above facts clearly support a finding by this Court that the property falls within the Code's definition of single asset real estate and provide a basis for the application of the single asset real estate provisions of the Code to this case. The property constitutes a single project. Furthermore, the Debtor plans to derive its income solely from development and disposition of the property.

## IV. CONCLUSION

The debtor's property constitutes a single development project. Under all of the criteria applied in determining whether property falls within the single asset real estate definition and is subject to the single asset provisions for relief from stay, this case is clearly a single asset real



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

estate case and application of the 90-day deadline for commencing payments or filing a confirmable chapter 11 plan should be confirmed by order of this Court.

DATED this 18th day of August, 2010.

FOSTER PEPPER PLLC

*/s/ Dillon E. Jackson*

Dillon E. Jackson, WSBA #1539
Attorneys for Secured Creditor
HomeStreet Bank



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700