UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In Re:

HAWKS PRAIRIE INVESTMENT, LLC

Debtor.

Case No. 10-46635-BDL

MOTION FOR RELIEF FROM STAY

HOMESTREET BANK, ("Bank") secured creditor herein moves for relief from stay as follows:

### I. FACTS.

**1.1 Filing.**

This case was filed on August 13, 2010.

**1.2 Single Asset Real Estate.**

On September 27, 2010 in response to a Motion by the Bank, the Order entered an Order holding the Single Asset Real Estate rule applies in this case. Application of this rule will require the debtor to file a confirmable plan or commence interest payments on the secured debt no later than November 11, 2010.

**1.3 Secured Debt.**

The total debt against the property of the debtor is in excess of $43,000,000. At prime plus one interest monthly interest would run at over $150,000 per month.

MOTION FOR RELIEF FROM STAY - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51098899.3

HomeStreet Bank holds most of the secured debt and a substantial interest in the 3rd lien deed of trust on the property.

The current amounts due on the 1st, 2nd and 4th liens on the property are detailed in the Declaration of Craig Kennedy. The principal amount of the 3rd lien is stated from the documents. There has been no reduction in the note secured by the 3rd lien since its inception.

**1.4 Real Property Taxes.**

Real property taxes where not paid in full in 2009 and are due in full for 2010 in an amount in excess of $885,000. See Declaration of Dillon E. Jackson.

**1.5 Value of the Property.**

The value of the property is less that the total debt against the property based upon the most current appraisal which takes into account the current market conditions. While the debtor may dispute the issue of value, the facts are that the debtor cannot comply with the single asset rule requirements and does not have the resources to complete the development. Further, the lack of equity makes the chance of attracting a development partner extremely remote. In sum the debtor is unlikely propose and to confirm a feasible plan in this case.

## II. RELIEF SOUGHT.

The Bank seeks relief from stay to pursue its remedies against its collateral

## III. APPLICABLE LAW.

**3.1 Single Asset Real Estate Rule.**

The applicable statute reads as follows:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . .
>
> **(3)** with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief . . .
>
> **(A)** the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51098899.3

**(B)** the debtor has commenced monthly payments that—

\* \* \*

 **(ii)** are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; . . .

Based thereon, the debtor either needs to commence payments to the secured claimants herein at roughly $150,000 per month. (The precise calculation of the non default rates on the several notes can be provided if the debtor intends to commence the payments.)

### 3.2 Any Proposed Plan Must Be Feasible.

The obvious ploy for the debtor without funds or equity is to stall of the inevitable by filing a Plan. This simple device is obviously preferable to commencing payments that the debtor does not have. Even if the funds were available the choice between paying counsel a few thousand dollars to file a Plan vs payment of $150,000 is compelling. For this very reason the Court must be vigilant in preventing cynical use of this alternative means to gain more time in hopeless cases.

#### A. BURDEN OF PROOF.

The debtor has the burden of proof on the issue of whether the plan is capable of confirmation. See, *In re Rim Development LLC.*, 2010 WL 3259492 (Bkrtcy. D. Kan).

#### B. STANDARD OF PROOF.

While the test for the debtor's plan is not as stringent as required for confirmation, the debtor nonetheless has a duty of show that the plan is confirmable and the opposing party can detail the violations of plan requirements or other elements of feasibility. "Reasonable possibility" is not "any possibility."

In the *Rim* case. Supra the debtor subjected to a typical delay tactic of multiple plans and demands for 2nd and 3rd chances. This Debtor has substantial resources such as income from the property saleable town house units and other assets to fund a plan. So as detailed in the decision the debtor wasted months and thousands of dollars in legal fees proposing plans that were not

MOTION FOR RELIEF FROM STAY - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51098899.3

confirmable. The Court in that case was lured into the delay be the reported equity in the property and the debtor's other resources (or at least promised resources). In this case, there is no equity and there is no income from the property. There is no basis to commence the multiple plan and second chances that plagued the *Rim* Court.

### 3.3 No Equity in the Property and Not Necessary for an Effective Reorganization.

An independent basis for relief from stay under §362(d) is that the debtor has no equity in the property and such property is not necessary for an effective reorganization. As such the requirement of a confirmable plan in under the SARE rule and this separate basis for relief from stay intersect.

### 3.4 Lack of Adequate Protection.

The property is incurring unpaid real estate taxes which because they constitute a prior lien continue to dilute the secured creditor's position. In addition, although it is raw land, it is still capable of deterioration and loss of value. There is no equity cushion to protect the secured creditors in this case. Again, the debtor might make periodic payments which would bring the SARE rule and the concept of adequate protection into confluence. But such payments are neither available nor offered.

## IV. CONCLUSION.

It is unfortunate that the real estate market has deteriorated. However, our market conditions are a fact and we must contend with them. The effect of the loss of value is to eliminate the equity of the debtor and to place secured creditors at a substantial risk of loss. Under these facts relief from stay is inevitable and appropriate under the SARE requirements as well as the other provisions of § 362(d).

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51098899.3

HomeStreet Bank respectfully requests that relief from stay be granted in this case.

DATED this 5th day of October, 2010.

FOSTER PEPPER PLLC

 /s/ Dillon E. Jackson
Dillon E. Jackson, WSBA #1539
Attorneys for Secured Creditor
HomeStreet Bank

MOTION FOR RELIEF FROM STAY - 5

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51098899.3