1  BRIAN D. LYNCH
   United States Bankruptcy Judge
2  1717 Pacific Ave, Suite 2155
   Tacoma, WA 98402
3

4

5

6   In re:                                          No. 10-46635-BDL (Ch 11)

7   HAWKS PRAIRIE INVESTMENT, LLC,
                                                     **MEMORANDUM DECISION**
8                      Debtor.

9

10

11

12        THIS MATTER came before the Court for hearing on December 15, 2010 upon the motion of

   Debtor in Possession Hawks Prairie Investment, LLC ("HPI" or DIP) and secured creditor HomeStreet
13
   Bank ("HomeStreet") to approve a settlement between the DIP and HomeStreet [docket #94].
14
   Objections to the settlement were filed by J. Scott Griffin and Freestone, Inc. (hereinafter "Griffin")
15
   [docket #96] and by secured creditors Howard Talbitzer and Anthony Glavin ("Talbitzer/Glavin")
16
   [docket #100].  This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).
17
        **Background**
18
        HomeStreet and Talbitzer/Glavin have deeds of trust against HPI's real property in Lacey,
19
   Washington.  HomeStreet holds the first, second and fourth positions.  Talbitzer/Glavin hold the third
20
   position lien.  Both Talbitzer/Glavin and Griffin had previously been involved in the development of the
21
   HPI property. The principal of HPI, Tri Vo ("Vo"), had acquired the interest of Griffin in HPI in exchange
22
   for a note secured by Vo's interest in HPI and other Vo entities. Griffin is in the process of foreclosing
23

24

25

   NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 1

1  on Vo's interests in HPI and the other Vo entities, and expects to take over the interests after a public

2  sale on December 21, 2010.[1]

3  Both HomeStreet and Talbitzer/Glavin filed motions for relief from stay to foreclose on HPI's

4  property [docket #44, 50] which were set for an evidentiary hearing on December 10, 2010.

5  HomeStreet and the DIP appeared at the hearing on December 10th and presented a Settlement

6  Stipulation they had reached under which HomeStreet and Talbitzer/Glavin were granted relief from

7  stay upon certain terms. The Court found the terms of the Stipulated Settlement were beyond the

8  scope of the original relief from stay motions and the stipulation needed to be noticed for hearing

9  pursuant to BR 9019 and 4001(d). An order was entered on December 13, 2010 granting relief from

10  stay to HomeStreet and Talbitzer/Glavin [Docket 91], and setting a hearing on shortened notice for

11  approval of the Settlement Stipulation on December 15, 2010. Notice was mailed on December 13,

12  2010.

13  The motion to approve the settlement was heard on December 15th and the Court, having

14  considered the HomeStreet motion and supporting pleadings, the pleadings filed by Talbitzer/Glavin

15  and Griffin, and the argument of counsel, concludes that the portions of the Settlement Stipulation

16  which represent agreements between the DIP and HomeStreet are approved except for one provision

17  in paragraph 5, as discussed further below. The portions of the Settlement Stipulation representing

18  agreements between Vo, his affiliates and HomeStreet are not within the Court's authority to approve

19  in this proceeding.

20  **Objections to Notice**

21

22

23
[1]  HomeStreet filed a motion in limine in conjunction with its Motion for Relief from Stay objecting to Griffin's
participation in the proceedings, claiming he is not a party in interest under 11 U.S.C. §1109(b) because he is not
a creditor of the estate and does not hold the ownership interest in HPI yet.  HomeStreet revived its objection to

24  Griffin's participation at the hearing on the Motion to Approve Settlement.  Section 1109(b) is to be construed
broadly to permit parties affected by a Chapter 11 proceeding to appear and be heard. *In re Amatex Corp.*, 755

25  F.2d 1034, 1042 (3rd Cir. 1985). Courts must determine on a case by case basis whether the prospective party in
interest has a sufficient stake in the proceeding so as to require representation. *Id.* The Court overruled
HomeStreet's objection and denied the motion in limine,  concluding that Griffin has sufficient interest to be
entitled to appear and be heard on these motions.

NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 2

1         Both Talbitzer/Glavin and Griffin objected to the shortness of the notice given for this

2 proceeding.  However, there is urgency in this case justifying the shortened notice.  HomeStreet and

3 Talbitzer/Glavin were granted relief from stay, and could begin the foreclosure process once the

4 fourteen days of Rule 4001(a)(3) had passed unless the court approved HomeStreet's agreement to

5 forebear its rights under the Settlement Stipulation.  The terms of this settlement were presented in

6 open court at the hearing on the motions for relief from stay on December 10, 2010.  No other creditor

7 or party has appeared in connection with the HomeStreet and Talbitzer/Glavin motions for relief from

8 stay, or in connection with any other motion in this case. The objecting parties have known about the

9 motion for relief from stay since November, and known about this proposed agreement since

10 December 10th.  They have not shown any prejudice to them in responding to this motion on

11 shortened time.   Further, as a single asset real estate entity ("SARE"), where the DIP has no funds

12 with which to make the payments required under 11 U.S.C. 362(d)(3)(B), the DIP is required to have a

13 plan of reorganization with a reasonable possibility of being confirmed on file. 11 U.S.C. 362(d)(3)(A).

14 The Settlement Stipulation, with HomeStreet's support of the proposed Amended Plan, allows for that.

15         **Substance of the Settlement Stipulation**

16         Under Bankruptcy Rule 9019, the Court may approve a compromise or settlement after notice

17 and a hearing.  In its determination of whether a settlement is fair, reasonable and adequate, the Court

18 is required to consider, *inter alia* and to the extent applicable, the probability of success; the difficulties

19 in collection; the complexity of litigation, and its expense, inconvenience, and delay; and the interests

20 of the creditors. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).  With these directives in

21 mind, the Court finds that those provisions of the Settlement Stipulation that present agreements

22 between the DIP and HomeStreet (paragraphs 1-4, 8 and 9 and portions of paragraphs 5-7) are within

23 the Court's power to approve and that they do satisfy the Rule 9019 standard.

24         The main objection raised by Griffin and Talbitzer/Glavin is that they think that the DIP did not

25 get enough for what it gave up.  However, as the largest creditor of the DIP, HomeStreet has the ability

to get some concessions in its favor in exchange for its forebearance of its rights and support for a

NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 3

1  plan that may not pay it in full.  The only substantive thing Griffin and Talbitzer/Glavin point to is that

2  the DIP gave up potential avoidance claims against HomeStreet regarding part of its fourth lien.

3  However, the DIP has released only its own right to sue HomeStreet, and to the extent any creditor

4  has the right to raise the potential avoidance claim against HomeStreet, those rights remains.  The DIP

5  may properly give up the right to pursue what would undoubtedly be a costly action to prosecute with

6  questionable chance of success.  HomeStreet argues that it parted with new money for its last lien and

7  therefore, unlike the Talbitzer/Glavin lien, the transfer was supported by at least some consideration.

8  The Court is not determining the merits of all of the claims the DIP may have against HomeStreet, but

9  on the evidence and argument before it, the Court cannot say that the decision of the DIP to release

10  claims against HomeStreet in exchange for HomeStreet's agreements was improper.

11  Moreover, an action to avoid the Homestreet fourth lien only becomes relevant if the property

12  sells for enough to pay off the prior liens in full, which would take a net sale price in the vicinity of $35

13  million. Although at the hearing there was indication of discussions with interested parties, no party

14  has suggested that such a sale is in the offing, much less what the price would be.  In exchange for

15  the concessions by the DIP, the DIP extracted an agreement to postpone the foreclosure sale, which

16  could otherwise be set around February 1st to March 15th; and an agreement by HomeStreet to

17  support its Amended Plan and a sale under 11 U.S.C. 363 provided there is a "minimum net sales

18  price of $35 million." As the holder of the junior lien on a property currently encumbered with

19  approximately $45 million in liens, this agreement by HomeStreet is substantial and to the estate's

20  benefit.

21  Talbitzer/Glavin and Griffin also object to Paragraph 9 of the Settlement Stipulation, in which

22  the DIP agrees to file an adversary proceeding seeking to "void, reduce or terminate" the 3rd lien of

23  Talbitzer/Glavin, agrees that HomeStreet will be permitted to participate in the prosecution of this

24  action as plaintiff, "derivatively or in both roles", agrees that the DIP will support a motion and order to

25  that effect, and agrees that any settlement of the action shall be subject to the approval of HomeStreet

and the Bankruptcy Court. The DIP had raised the issue of the voidability of the Talbitzer/Glavin lien

NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 4

1  well before this agreement was made, and would, in all likelihood, have filed such an action regardless

2  of this agreement. The concession that the DIP agrees to support HomeStreet in its effort to participate

3  in the action is not particularly significant, since HomeStreet could likely participate in the proceeding

4  in any event. Moreover, given the fact that the DIP has no funds with which to pay counsel for

5  proceeding with this action, the presence of HomeStreet will allow the DIP to fully prosecute the claim

6  for the benefit of all unsecured creditors. The concession that any settlement of the action "shall be

7  subject to the approval of" HomeStreet is recognition of the practical reality that HomeStreet will be in

8  all likelihood funding the action.  If the lien is removed, it will benefit unsecured creditors per 11 U.S.C.

9  §551 and while this may ultimately benefit HomeStreet, either as holder of the next junior lien or as an

10  unsecured creditor if the property does not sell for enough to pay all of its liens, the other unsecureds

11  will benefit as well.

12  Talbitzer/Glavin also objects to this provision of the settlement because they contend it violates

13  a subordination agreement between HomeStreet and Talbitzer/Glavin in which HomeStreet agreed to

14  subordinate its fourth lien on the property to Talbitzer/Glavin's lien. This argument misapprehends the

15  effect of an action to avoid a lien under section 551.  The avoidance of a lien under that section does

16  not result in the holder of a junior lien moving up one slot in the priority scheme. Rather, the lien

17  avoided is preserved for the benefit of the estate, ultimately the unsecured creditors of the DIP.

18  Moreover, even if Talbitzer/Glavin's argument does have merit, they may raise it in the adversary

19  commenced against it.

20  Griffin and Talbitzer/Glavin further objected to (1) those sections of Paragraph 5 which transfer

21  to HomeStreet insider claims of Vo and his affiliates against the DIP as additional collateral for the

22  obligations to HomeStreet; (2) those provisions of paragraph 10 wherein Vo is released from his

23  personal guaranties to HomeStreet on certain conditions; and (3) the provisions of Paragraph 7 which

24  includes a release of HomeStreet by Vo individually and by his affiliate. The Court is not ruling upon

25  those portions of the Settlement Stipulation.  As noted, Vo and his affiliates are not in bankruptcy. The

NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 5

Court does not have authority to approve or reject agreements between non-debtors and HomeStreet in this proceeding and this order does not approve or apply to those provisions.

In summary, the Settlement Stipulation, which is attached as an Exhibit to the Motion for Approval of Settlement [Docket 94], has ten (10) paragraphs. Paragraphs 1-4, 8 and 9 deal directly with the DIP, are within the Court's power to approve in this proceeding and are so approved. Paragraph 10 deals with an agreement between Vo individually and HomeStreet and is not an agreement that the Court could approve or disapprove. Paragraphs 5-7 contain some agreements by the DIP with HomeStreet, and some agreements with Vo and his "Affiliates." Only those related to the DIP are approved with one exception in Paragraph 5.

Paragraph 5 is an agreement by Hawks Prairie, Vo and affiliates of all insider claims in the bankruptcy to HomeStreet as security for obligations owed to HomeStreet by those parties. The insider claims referred to are claims against the DIP. Since "Hawks Prairie" is the DIP, the reference reads as though the DIP has insider claims against itself. Neither the DIP nor Homestreet adequately explained what was intended by that reference, and the Court therefore does not approve that part of Paragraph 5. The other provisions of Paragraph 5 respecting the DIP cooperating with Homestreet and providing evidence and documentation of such claims is approved.

Paragraph 6 is an agreement that the stipulation will be binding upon the estate and "any successor to the controlling interest in the Debtor and Debtor in Possession. Since the "controlling interest" in the DIP is not in bankruptcy, this Court does not have authority to approve or reject an agreement between the "controlling interest," presumably Vo individually, or to interpret whether such a provision is enforceable. If Griffin succeeds to Vo, they may seek a determination in a proper venue whether they are bound by the provisions of this agreement which purport to bind Vo individually. This Court is only approving the provision of the paragraph stating that it is binding upon the estate.

Paragraph 7 provides that Hawks Prairie, the Bankruptcy Estate, Tri Vo and all affiliates will release any claims against HomeStreet Bank. This Court cannot prevent parties other than the DIP

1   from releasing claims with third parties, nor can it approve such releases. Thus, it is only approving the

2   release of claims against HomeStreet by Hawks Prairie Investment LLC, the DIP.

3        An order consistent with these findings and conclusions will be entered separately.

Brian D. Lynch
United States Bankruptcy Judge
_ (Dates as of Entered on Docket date above) _____
Hon. Brian D. Lynch
United States Bankruptcy Judge

Served via ECF

NOTICE OF EVIDENTIARY HEARING AND ORDER SETTING DEADLINES - 7