The Honorable Brian D. Lynch
Chapter: 11
Hearing Location: Tacoma, Room I
Hearing Date: February 18, 2011
Hearing Time: 9:00 a.m.
Response Date: February 15, 2011

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In Re:

HAWKS PRAIRIE INVESTMENT LLC,

                      Debtor.

Taxpayer Identification No. 20-2657001

<u>Debtor's Address</u>
1411 State Ave. NE, Suite 100
Olympia, WA 98506-4467

Case No. 10-46635-BDL

CREDITORS PLAN OF REORGANIZATION

    HomeStreet Bank proposes the following Creditor's Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code.

## I. DISCLOSURE STATEMENT

    Hawks Prairie Investment LLC has filed the Debtor's Disclosure Statement with this Plan of Reorganization pursuant to section 1125 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3016(b). This Plan of Reorganization is being disseminated to creditors and equity security holders for vote after Bankruptcy Court approval of the information in the Debtor's Disclosure Statement. The Debtor's Disclosure Statement contains useful information to assist creditors and equity security holders in making an informed judgment about how to vote on this Plan of Reorganization. Please read the Debtor's Disclosure Statement with care in evaluating the impact of this Plan of

CREDITOR'S PLAN OF REORGANIZATION - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

Reorganization upon your claim or interest. The proponent believes that the Creditor's Plan is in all material respects identical to the Debtor's Plan filed on December 14, 2010 and later withdrawn by the new manager. Changes from the Debtor's Plan are noted in the Notice of Hearing on Confirmation accompanying the Plan.

## II. DEFINITIONS

A term used in this Plan of Reorganization that is not defined below and is used in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. The following terms when used in this Plan of Reorganization have the meanings specified below.

<u>Administrative Expense</u>: An expense of administration allowed under section 503(b) of the Bankruptcy Code and any fees and charges due under 28 U.S.C. § 1930.

<u>Allowed Claim</u>: Any claim either:

1. in the amount and priority classification set forth in the proof of such claim that has been timely filed unless:

    a. such claim has been objected to or is objected to after the Confirmation Date, in which case such claim shall be allowed only in the amount and classification that is authorized by the Bankruptcy Court, or

    b. such claim has been paid, withdrawn, waived or otherwise deemed satisfied in full; or

2. if a proof of such claim has not been timely filed, in the amount and priority classification listed by the Debtor in its bankruptcy schedules D, E and F as amended and filed with the Bankruptcy Court, unless:

    a. such claim is listed as disputed, contingent and/or unliquidated,

    b. such claim has been objected to or is objected to after the Confirmation Date, in which case such claim shall be allowed only in the amount and classification that is authorized by the Bankruptcy Court, or

CREDITOR'S PLAN OF REORGANIZATION - 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51124293v1

    c. such claim has been paid, withdrawn, waived or otherwise deemed satisfied in full.

  Assets:  Every conceivable asset of the Debtor, all property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code, the Litigation Claims and all claims that prior to the Effective Date could have been asserted and/or were asserted by the Debtor.

  Bankruptcy Code:  The Bankruptcy Code as amended and set forth in Title 11 of the United States Code.

  Bankruptcy Court:  The United States Bankruptcy Court for the Western District of Washington at Tacoma before which the Case is pending or any other court exercising jurisdiction over the Case in the future.

  Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure as supplemented by the Local Bankruptcy Rules for the Western District of Washington and any other local rules applicable to the Bankruptcy Court.

  Case:  The Debtor's bankruptcy case which is presently pending in the Bankruptcy Court under Bankruptcy No. 10-46635.

  Class:  A class of claims or interests as defined in Section III of the Plan.

  Confirmation Date:  The date that the Confirmation Order is entered on the docket in the Case.

  Confirmation Order:  The order of the Bankruptcy Court confirming the Plan.

  Debtor:  Hawks Prairie Investment LLC.

  Drop Dead Date:  March 15, 2011.

  Effective Date:  Confirmation Date.

  Equity Interests:  The membership interests in the Debtor.

  HomeStreet:  HomeStreet Bank, creditor and proponent of this Creditor's Plan

CREDITOR'S PLAN OF REORGANIZATION - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

HomeStreet Claims: All claims of HomeStreet against the Debtor and/or in the Case including the claims secured by three deeds of trust against the Property. HomeStreet Claims may include both Secured Claims (Class 3) and Unsecured Claims (Class 4).

Lien Dispute: All claims of the Debtor against other parties including potential invalidity of the 3rd lien asserted by T/G.

Manager: J. Scott Griffin Jr. is now manager of Hawks Prairie Investment LLC, the Debtor.

Petition Date: August 13, 2010.

Plan: This Plan of Reorganization in its present form or as it may be amended or modified in accordance with the Bankruptcy Code or order of the Bankruptcy Court.

Property: All of the Debtor's real property comprised of approximately 337 acres in Lacey, Thurston County, Washington, tax parcel numbers 11803340000, 11803340100, 11803420000, 11803430000, 11810101000, 11810103000 and 11811201000.

Property Taxes: Any real property taxes or assessment on account of the Property that are past due on the Confirmation Date.

Property Tax Claims: All claims for Property Taxes.

Reorganized Debtor: The Debtor, or any successor thereto by merger, consolidation or otherwise, on and after the Effective Date.

Settlement Stipulation: The Settlement stipulated to by the Debtor in Possession on December 10, 2010 and submitted to the Bankruptcy Court for approval at hearing on December 15, 2010. The Settlement Stipulation contains the Drop Dead Date of March 15, 2011, the minimum agreed sale price of $35 million and the terms relating to the litigation relating to the third lien identified as being held by T/G.

Stipulation Transaction: A sale of the Property for a net receipt by the estate of $35 million closing on or before the Drop Dead Date or such extended Drop Dead Date as agreed in writing between HomeStreet and the Debtor. All as provided in the Settlement Stipulation.

CREDITOR'S PLAN OF REORGANIZATION - 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51124293v1

<u>T/G</u>: Howard Talbitzer and Anthony Glavin.

<u>T/G Lien</u>: The Third priority deed of trust against the Property.

<u>Ultimate Disposition</u>: A sale or refinance of all or part of the Property closing before the Drop Dead Date that generates sufficient funds at closing to pay all Class 1, 2, 3 and 4 claims.

<u>Ultimate Proceeds</u>: The funds received from the Ultimate Disposition.

<u>Unsecured Claim</u>: A claim against the Debtor that is not a Property Tax Claim, the HomeStreet Secured Claim, the T/G Secured Claim or an Administrative Expense.

<u>Vo</u>: Tri M. Vo, former manager of the Debtor

### III. CLASSIFICATION OF CLAIMS AND INTERESTS

The claims and interests are classified as follows:

<u>Class 1</u>: The Property Tax Claims.

<u>Class 2</u>: The HomeStreet Secured Claims.

<u>Class 3</u>: The T/G Secured Claim.

<u>Class 4</u>: The Allowed Unsecured Claims incurred by the Debtor prior to the Petition Date that are not included in any other Class.

<u>Class 5</u>: The Equity Interests.

### IV. IMPAIRED CLASSES

Classes 1, 2, 3, 4 and 5 are impaired under the Plan and are entitled to vote on the Plan.

### V. TREATMENT OF CLAIMS

<u>Administrative Expenses</u>: All Administrative Expenses approved by the Bankruptcy Court shall be paid first from any advance fee deposits held by the claimant and then in full from the Debtor's cash on hand on the earlier of the Effective Date or 15 days after approval, unless the claimant agrees to accept deferred payments. All Administrative Expenses approved by the Bankruptcy Court that remain unpaid at the time of the Ultimate Disposition

CREDITOR'S PLAN OF REORGANIZATION - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

shall be paid from the Ultimate Proceeds. All Administrative Expenses approved by the Bankruptcy Court that remain unpaid at the time of the closing of a Stipulation Transaction shall be paid (up to a maximum of $50,000) from the proceeds available at the closing of a Stipulation Transaction. Payment on confirmation of Administrative Expenses held by the Debtor's professionals as a requirement for confirmation is waived.

Class 1: The Property Tax Claims will continue to earn interest at the statutory rate and shall remain secured by the Property until paid in full. The Property Tax Claims will be paid in full at the closing of any sale of the Property, an Agreed Transaction, an Alternative Transaction or an Ultimate Disposition. The holders of the Property Tax Claims retain their rights to initiate and complete the tax foreclosure process pursuant to Washington law to collect any delinquent taxes with respect to the Property.

Class 2: The HomeStreet Secured Claims will be fixed as of the closing of any sale in the amount of principal, interest, fees and costs computed pursuant to the applicable existing loan documents. To the extent of any deficiency HomeStreet shall have a Class 4 claim except to the extent HomeStreet holds a non judicial foreclosure sale and the deficiency claim on the deed of trust which is the subject of the foreclosure is barred by R.C.W. 61.24.100. The HomeStreet Secured claims will earn interest at the fixed rate of 6% per annum from the Effective Date until paid in full. HomeStreet will retain its security interests in the Property in the same priority that existed on the Petition Date. If there is a Stipulation Transaction, the HomeStreet Claims will be paid according to the amount and priority of the HomeStreet Secured Claims. If there is not a Stipulation Transaction or an Ultimate Transaction and the HomeStreet Claims have not been paid by the Drop Dead Date, HomeStreet may hold its deed of trust trustee's sale after the Drop Dead Date.

Class 3: The T/G Secured Claim will be fixed as of the Closing Date in the amount of principal, interest, fees and costs computed pursuant to the applicable existing loan documents. The T/G claims will earn interest at the fixed rate of 6% per annum from the

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51124293v1

Effective Date until paid in full. T/G will retain its security interest in the Property in the same priority that existed on the Petition Date. If there is a Stipulation Transaction, the T/G Secured Claim will be paid according to the amount, validity and priority of the third lien for distribution under applicable law. If there is an Ultimate Transaction, the T/G Secured Claims will be paid according to the amount, validity and priority of the third lien. If there is not a Stipulation Transaction or Ultimate Transaction by the Drop Dead Date, T/G may exercise all of its state law remedies including foreclosure.

Class 4: All Allowed Claims in Class 4 shall earn interest at the fixed rate of 2% per annum from the Effective Date. If there is an Stipulation Transaction, or an Ultimate Transaction the Allowed Claims in Class 4 shall be paid by the within 30 days following closing of the Sale from any surplus remaining after full payment of Class 1, 2, and 3 creditors and Administrative Expenses or following the closing of a sale, from proceeds related to the Lien Dispute upon entry of a final order of the bankruptcy court which is not stayed relating to voidance of the third lien or bankruptcy court approval of a settlement of the Lien Dispute.

Class 5: In the event that classes 1, 2, 3, and 4 and all administrative claims are paid in full, Class 5 shall retain its Equity Interests in the Debtor.

## VI. SOURCE OF FUNDS

The funds necessary to make the payments required by the Plan shall come from either a Stipulation or an Ultimate Transaction Proceeds and any funds received on account of the Lien Dispute Claim. Funds in Proceeds in dispute will be held by the Plan Trustee and distributed only upon Order of the Bankruptcy Court.

## VII. MEANS FOR EXECUTION OF THE PLAN

On the Effective Date:

1. The proponent and the Plan Trustee shall be responsible for implementing the Plan.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

2. The Manager shall be the manager of the Reorganized Debtor.

3. All of the Assets shall vest in the Reorganized Debtor free and clear of all liens, security interests and claims except as otherwise expressly provided for in the Plan.

Except as otherwise provided in the Plan, on and after the Effective Date:

1. The Reorganized Debtor shall work diligently to enter into and close a Stipulation Transaction, or an Ultimate Disposition.

2. The Reorganized Debtor may in its discretion hire a real estate broker to market the Property for sale.

3. The Reorganized Debtor may only borrow money on a secured basis or sell some or all of the Property in a transaction that is not an Ultimate Disposition or a Stipulation Transaction if the holders of the Class 2 and 3 claims consent.

4. The automatic stay imposed by section 362 of the Bankruptcy Code except as terminated by the Bankruptcy Court by prior Order shall remain in place with respect to the Assets including the Property until the Drop Dead Date.

5. Any sale of all or part of the Property shall be: (a) free and clear of all liens and monetary encumbrances pursuant to Section 363 of the Bankruptcy Code, and (b) exempt from excise tax pursuant to section 1146 of the Bankruptcy Code and section 458-61A-207 of the Washington Administrative Code.

6. The Reorganized Debtor shall comply with the Plan and the Plan Trustee shall make the payments required by the Plan.

7. The Reorganized Debtor may sell or refinance all or some of the Property at any time prior to the Drop Dead Date if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims.

8. The Reorganized Debtor will in conjunction with HomeStreet prosecute the Lien Dispute Claims. Any settlement of the Lien Dispute Claims shall be subject to Bankruptcy Court approval on notice.

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51124293v1

9. Payments to professionals employed by the Debtor for services through the Effective Date shall remain subject to approval by the Bankruptcy Court after appropriate notice. Professional fees and expenses incurred by the Reorganized Debtor after the Effective Date shall not require Bankruptcy Court approval and shall be paid by the Reorganized Debtor from funds available from excise tax savings from an Stipulation Transaction, or Ultimate Transaction Proceeds or from funds received on account of the Lien Dispute Claim. Professional fees and expenses may also be paid by third parties. Notwithstanding anything else in this paragraph, the Bankruptcy Court shall be the exclusive forum for determining any dispute over professional fees and expenses incurred by the Reorganized Debtor through the date the Case is closed.

10. In the event a Stipulation Transaction is closed, any net proceeds from the sale after payment from escrow of allowed class 1, 2 and 3 claims, or reserves required for Disputed Claims shall be held and distributed in accordance with the Plan from the Trust account of the Ryan Swanson & Cleveland, PLLC.

## VIII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is unaware of any executory contracts or unexpired leases.

## IX. CLAIMS OBJECTIONS

The Reorganized Debtor and any other appropriate party shall have until April 15, 2011 to file an objection to any claim with the Bankruptcy Court. All claim objections shall be determined by the Bankruptcy Court after notice to the person whose claim is being objected to and opportunity for a hearing. The Debtor shall reserve $125% of the amount of any disputed claim pending determination of the dispute by settlement or by Court Order.

## X. UNCLAIMED FUNDS

The Reorganized Debtor may stop payment on any check intended as a payment on a Class 4 claim under the Plan any time at least 60 days after the check was mailed. If the Reorganized Debtor stops payment on any check pursuant to the prior sentence, the claims of

CREDITOR'S PLAN OF REORGANIZATION - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

the payee shall be deemed automatically disallowed for all purposes and the Reorganized Debtor may use those funds for payment of Administrative Claims and Class 4 claims in order of their priority. The Reorganized Debtor may rely on the address set forth in each proof of claim (or if there is no proof of claim, the address set forth in the bankruptcy schedules) unless the creditor provides the Reorganized Debtor with a written notice of a change in the creditor's address.

## XI.  REPORTS AND STATUTORY FEES

Until the Case is closed, the Reorganized Debtor shall: (1) file post-confirmation reports consistent with Local Bankruptcy Rule 2015-1(c), and (2) pay all quarterly fees due and payable to the Office of the United States Trustee.

## XII.  CLOSING CASE

The Reorganized Debtor, in its discretion, may move the Bankruptcy Court to enter a final decree closing the Case provided, however, the Reorganized Debtor shall not move for a final decree until all claim objections and adversary proceedings regarding any Lien Dispute Claims have been resolved by the Bankruptcy Court. After the Case is closed, the Reorganized Debtor, in its discretion, may reopen the Case to resolve any issue relating to the Plan or claims by creditors.

## XIII.  MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications to the Plan at any time prior to the Confirmation Date as long as such amendments or modifications do not violate the terms of the Stipulated Settlement approved by the Court on December 15, 2010. After the Confirmation Date, the Debtor or the Reorganized Debtor may, with approval of the Bankruptcy Court, and so long as it does not violate the terms of the Stipulated Settlement approved by the Court on December 15, 2010, materially or adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the

CREDITOR'S PLAN OF REORGANIZATION - 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

Confirmation Order, in such a manner as may be necessary to carry out the purposes and effect of the Plan.

## XIV. RETENTION OF JURISDICTION

Following the Confirmation Date, the Bankruptcy Court shall retain jurisdiction over the Reorganized Debtor and the Assets until the Plan is fully consummated and an order closing the Case is entered by the Bankruptcy Court. The Bankruptcy Court's retained jurisdiction shall give it authority to hear matters for purposes of administering the Plan, including without limitation:

1. To determine all adversary proceedings, applications, motions and contested matters instituted prior to the closing of the Case, including claims objections;

2. To ensure that distributions are accomplished as provided in the Plan;

3. To determine all objections to Administrative Expenses and claims filed both before and after the Confirmation Date;

4. To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

5. To issue orders in aid of execution of the Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any entity;

6. To consider all modifications of the Plan, to cure any defect or omission in the Plan, or to reconcile any inconsistency in the Plan or any order of the Bankruptcy Court, including without limitation, the Confirmation Order;

7. To determine all applications for compensation and reimbursement of expenses of professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

8. To determine any disputes arising in connection with the interpretation, implementation, execution or enforcement of the Plan, the Confirmation Order or any other order of the Bankruptcy Court;

CREDITOR'S PLAN OF REORGANIZATION - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1

9. To recover all of the Assets, wherever located;

10. To determine all matters concerning state, local and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

11. To determine any other matter not inconsistent with the Bankruptcy Code; and

12. To enter a final decree closing the Case.

DATED this 31st day of January 2011.

HOMESTREET BANK

By  */s/ Craig Kennedy*
Craig Kennedy

SUBMITTED to the Court this 31st day of January 2011.

FOSTER PEPPER PLLC

*/s/ Dillon E. Jackson*
Dillon E. Jackson WSBA No. 1539
Attorneys for HomeStreet Bank

CREDITOR'S PLAN OF REORGANIZATION - 12

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51124293v1