| | |
|---|---|
| | The Honorable Brian D. Lynch |
| | Chapter 11 |
| | Hearing Location: Tacoma, Courtroom I |
| | Hearing Date: February 18, 2011 |
| | Response Due: February 15, 2011 |
| | Hearing Time: 9:00 a.m. |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re: | No. 10-46635-BDL |
| HAWKS PRAIRIE INVESTMENT LLC, | MOTION FOR CONFIRMATION OF CREDITOR'S PLAN |
| Debtor. | |

HomeStreet Bank ("HSB") has filed a Creditor's Plan in this case. HomeStreet Bank moves for confirmation of the Creditor's Plan.

**I. BACKGROUND.**

The Debtor, under the former managing member Tro Vo, filed a Plan and Disclosure Statement in this case on December 14th 2010 ("Debtor's December 14th Plan"). The Disclosure Statement was approved and the Debtor's December 14th Plan sent out with the Disclosure Statement for voting by creditor's.

**1.1 Balloting on Debtor's December 14th Plan**

The Ballots were returned to the firm of Ryan Cleveland & Swanson which at the time of the mailing was counsel for Hawks Prairie Investment LLC.

The Plan was accepted by. Real Property Tax Creditors; Class 1.

The Plan was accepted by the HomeStreet secured claims; Class 2.

The Plan was rejected by the Talbitzer Glavin secured claims; Class 3.

MOTION FOR CONFIRMATION
OF CREDITOR'S PLAN - 1
51124331.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

The Plan was accepted by unsecured creditors; Class 5.

Class 5 interests did not submit a ballot.

### 1.2 Withdrawal of the Debtor's Plan by Debtor's New Manager.

After completing his foreclosure sale on Tri Vo's membership interests in the LLCs which own the Debtor, J Scott Griffin Jr. ("Griffin") controlled Hawks Prairie and caused his counsel to be appointed as new counsel for the Debtor in Possession. Following that appointment, on January 20, 2010, Griffin withdrew the Plan. At the scheduled hearing originally set for the confirmation of the Debtor's Plan, the Court sent a deadline for Griffin to file a new plan and set a continued confirmation hearing for February 18, 2011.

### 1.3 Creditor's Plan—Changes From Debtor's December 14th Plan Identified.

HomeStreet has filed a Creditor's Plan in this case. HomeStreet is not confident that the new manager of the Debtor will file a plan or that a plan filed by new management will be confirmable. HomeStreet believes that the Debtor's December 14th Plan, accepted by creditors, was confirmable and represents the best prospects for payment of creditors. Based on that belief, HomeStreet has filed a Creditor's Plan which is all material respects identical to the December 14th Debtor's Plan. The following are the changes from the Debtors December 14th Plan.

    A. NEW PROPONENT IDENTIFIED.

The proponent of the Creditor's Plan is HomeStreet Bank.

    B. NEW MANAGER OF THE DEBTOR IDENTIFIED.

The December 14th Debtor's Plan did not identify J. Scott Griffin Jr. or his role with the Debtor. The Plan identifies the title held by Mr. Griffin.

    C. FORMER MANAGER IDENTIFIED.

The Creditor's Plan indicates that Tri Vo is no longer manager of the Debtor.

    D. HOMESTREET DEFICIENCY.

Griffin's counsel is apparently confused about terms in the December 14th Plan relating to any deficiency claim that HomeStreet Bank may claim in this case. The Creditor's Plan avoids

MOTION FOR CONFIRMATION
OF CREDITOR'S PLAN - 2
51124331.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

such confusion by adding language making it clear that in the event of a foreclosure there will be no deficiency claim arising from a HomeStreet deed of trust that is foreclosed non judicially.

### E. PLAN TRUSTEE.

Both the Debtor's December 14th Plan and the Creditor's Plan provide for a Sale Free and Clear of the Hawks Prairie property as permitted under 11 U.S.C. §§ 363 and 1122. The Sale Free and Clear process provides that the proceeds of sale as to disputed secured claim be held pending determination of the disputes by the Court. The Creditor's Plan provides that such funds be held by a Plan Trustee. The Plan Trustee will be an independent escrow company, accountant or attorney identified in the Order on Confirmation. The Plan Trustee will make no distributions without an Order of the Bankruptcy Court.

## II. BASIS FOR CONFIRMATION.

**2.1 Plan Provides Only Means For Recovery By Unsecured Creditors.**

The liens on the property at over $43 million are far in excess of the most recent appraised value of the property at $34,600,000. The prospects for a sale which would net more than the lien on the property are nil. However, the Debtor's December 14th Plan and the Creditor's Plan provide for the possible voidance of the third lien ("3rd Lien") on the property held by Talbitzer and Glavin. The dispute on the validity of the 3rd Lien is the subject of an adversary proceeding pending in this court.[1] The adversary proceeding was part of a settlement agreement reached between the Debtor in Possession and HomeStreet Bank and approved by this Court on December 17, 2010.

In the event the 3rd Lien is voided in the adversary proceeding process, the lien is recovered for the estate. *See*, 11 U.S.C. 551. The 3rd Lien has a value of approximately $12,700,000 most, if not all, of which would be paid from a sale at the appraised value of the property. This would result in virtually full payment to allowed unsecured claims.

---

[1] Adv Pro # 10-04422

MOTION FOR CONFIRMATION
OF CREDITOR'S PLAN - 3
51124331.1

## 2.2 Exclusivity Has Lapsed.

This case was filed on August 13, 2010. 11 U.S.C. 1121(b) gives the debtor the exclusive right to file a plan for the first 120 days of the case. The Debtor filed its Plan on November 11, 2010 and amended the Plan on December 14, 2010. The Plan has been withdrawn without a motion to extend exclusivity and without the filing of a substitute plan at the time of withdrawal. The 120 day period lapsed on January 10, 2011. Thus exclusivity has lapsed and other parties in interest are permitted to file a plan in this case.

## 2.3 Creditor's Plan Complies with the Provisions of § 1129.

The plan is consistent with applicable state law and consistent with the distribution to creditors in a chapter 7. There is no provision in the Creditor's Plan that alters the chapter 7 distribution scheme. The Plan and the proponent of the Plan complies with all of the provisions of 11 U.S.C. 1129(a).

## 2.4 Request for Application of 1129(b).

Class 3, which is comprised of the alleged secured claim of Talbitzer and Glavin has rejected the Debtor's December 14th Plan and will likely reject the Creditor's Plan. With regard to a dissenting class of allowed secured claims the requirement of the code is contained in §1129(b)((2)(A).

> **(A)** With respect to a class of secured claims, the plan provides—
> **(i)**
> **(I)** that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
> **(II)** that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
> **(ii)** for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph;

MOTION FOR CONFIRMATION
OF CREDITOR'S PLAN - 4
51124331.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

The Creditor's Plan provides for a sale free and clear with the liens to attach to the proceeds. The Plan implements resolution of the dispute relating to the 3rd Lien. Thus the provisions of 11 U.S.C. 1129(b) as to the dissenting secured creditor class have been met.

### III. CONCLUSION.

The Debtor's December 14th Plan was filed and was consistent with the terms of a settlement stipulation which was submitted to the Court on notice and hearing and approved by the Court on December 17, 2010. The Creditor's Plan provides for identical treatment of claims and is confirmable under the requirements of 11 U.S.C. 1129. While it remains unknown at this time whether the property will be sold or whether the 3rd Lien will be set aside. The Creditor's Plan provides the only likelihood of payment to unsecured claims.

The Creditor's Plan filed by HomeStreet Bank dated February 1, 2011 should be confirmed.

DATED this 31st day of January, 2011.

        FOSTER PEPPER PLLC

        *s/ Dillon E. Jackson*

        Dillon E. Jackson, WSBA #1539
        HomeStreet Bank Creditor's Plan Proponent

MOTION FOR CONFIRMATION
OF CREDITOR'S PLAN - 5
51124331.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700