|   |                                                                                                                           |
|---|---------------------------------------------------------------------------------------------------------------------------|
|   | The Honorable Brian D. Lynch<br>Chapter: 11<br>Hearing Date: March 9, 2011<br>Hearing Time: 9:00 a.m.<br>Response Date: March 2, 2011 |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| In Re: | No. 10-46635-BDL |
|---|---|
| HAWKS PRAIRIE INVESTMENT LLC, | NOTICE OF MOTION AND MOTION TO ENFORCE ORDER |
| Debtor. | |

### **NOTICE**

PLEASE TAKE NOTICE that Creditor HomeStreet Bank moves for an order to enforce a previously-entered order, described in detail in the Motion below.

THIS MOTION IS SET FOR HEARING as follows:

| **JUDGE:** | The Honorable Brian D. Lynch | **TIME:** | 9:00 a.m. |
|---|---|---|---|
| **PLACE:** | United States Bankruptcy Court<br>1717 Pacific Ave.<br>Courtroom I<br>Tacoma, WA 98402 | **DATE:** | March 9, 2011 |

Any party opposing this motion **must serve a written response on the undersigned by March 3, 2011**, and file the original response with the Clerk of the United States Bankruptcy Court, Room I, 1717 Pacific Avenue, Tacoma, Washington 98402. **IF NO RESPONSE IS FILED BY THE RESPONSE DATE**, the Court may, in its discretion, grant the Motion prior to the hearing **WITHOUT FURTHER NOTICE**.

NOTICE OF MOTION AND MOTION TO ENFORCE ORDER - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51126245.2

## MOTION

Pursuant to 11 U.S.C. § 105, HomeStreet Bank seeks entry of an order that enforces the Order for Approval of Settlement Between Debtor and HomeStreet Bank on Shortened Time, entered by this Court on December 17, 2010 (Docket No. 110) (the "Settlement Order"), and requires creditors Howard Talbitzer and Anthony Glavin ("Talbitzer/Glavin") to cease and desist from their improper interference with the Settlement Order.

### I.  FACTS

A.  <u>Over Talbitzer/Glavin's Objection, the Court Authorized HomeStreet Bank to Commence an Action Against them to Avoid Their Lien on the Debtor's Real Property</u>.

HomeStreet Bank filed a motion seeking Court approval of a settlement it reached with debtor in possession Hawks Prairie Investment LLC (the "Debtor").  The settlement provided, among other things, that the Debtor would file an adversary proceeding to "void, reduce or terminate the third lien [on estate property] held by Talbitzer and Glavin…HSB [Homestreet Bank] will be permitted to participate in the prosecution as plaintiff, derivatively or in both roles…" *See* Motion for Approval of Settlement at Exhibit A (Docket No. 94).  Talbitzer/Glavin opposed the settlement, arguing in part that the proposal was a "violation" of HomeStreet Bank's loan documents with Talbitzer/Glavin. *See* Objection to Motion at § 2.2 (Docket No. 100). Talbitzer/Glavin specifically argued that an effort by HomeStreet Bank to pursue an avoidance action to avoid the Talbitzer/Glavin's third lien constituted "an attempt to violate or controvert HomeStreet Bank's contractual obligations." *Id*.

On December 17, 2010, this Court entered the Settlement Order approving the settlement between the Debtor and HomeStreet Bank.  The Settlement Order, which incorporated the Court's Memorandum Decision, specifically authorized HomeStreet Bank to bring an adversary proceeding to seek avoidance of Talbitzer/Glavin's third lien as a fraudulent transfer.  In its Memorandum Decision, the Court expressly overruled Talbitzer/Glavin's arguments that previously-executed loan documents prohibited HomeStreet from pursuing the avoidance action.

NOTICE OF MOTION AND MOTION TO ENFORCE ORDER - 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51126245.2

The Court's Decision states Talbitzer/Glavin's contention "misapprehends the effect of an action to avoid a lien under section 551," and notes that action would benefit the estate and the unsecured creditors of the Debtor, not HomeStreet Bank directly. Memorandum Decision at 5 (Docket No. 109). The Court further noted that even if Talbitzer/Glavin's argument does have merit, they may raise it in the adversary commenced against them. *Id*. No party appealed or sought reconsideration of the Settlement Order.

In accordance with the Settlement Order, on December 21, 2010, HomeStreet Bank and the Debtor filed an adversary proceeding against Talbitzer/Glavin to avoid third lien (the "Adversary Proceeding"), which is now pending in this Court under Case No. 10-04422-BDL. Glavin and Talbitzer each filed for protection under Chapter 11 of the Bankruptcy Code on January 7 and January 9, respectively, staying the Adversary Proceeding as to Talbitzer/Glavin[1]. HomeStreet Bank has sought relief from the automatic stay in each case to continue pursuit of the claims against Talbitzer/Glavin in the Adversary Proceeding. A hearing on the relief from stay motions is set for February 23, 2011, before the Honorable Paul B. Snyder.

B. <u>Talbitzer/Glavin Then Convinced This Court Their Alleged Right to an Unsecured Claim Must Be Resolved in the Adversary Proceeding</u>.

After entry of the Settlement Order, Talbitzer/Glavin subsequently contended that certain matters should be determined in the Adversary Proceeding commenced by HomeStreet Bank. Talbitzer/Glavin filed a proof of claim in this case in which they assert an unsecured claim against the Debtor. HomeStreet Bank filed an objection to the claim, and the parties submitted papers in support and opposition. In their response, Talbitzer/Glavin specifically stated that whether they should be entitled to an unsecured claim against the Debtor "can and should be determined as part of the same adversary proceeding," commenced by HomeStreet Bank and the Debtor to avoid the third lien. *See* Response at 2-3 (Docket No. 127). After hearing oral argument from the parties, the Court agreed with Talbitzer/Glavin and ruled the issue of any

---

[1] Other defendants have been named and served in the Adversary Proceeding, so the Adversary Proceeding is not entirely stayed.

NOTICE OF MOTION AND MOTION TO ENFORCE
ORDER - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51126245.2

unsecured claim would be incorporated into the Adversary Proceeding. *See* Order on HomeStreet Bank's Objection to Claim of Howard Talbitzer and Anthony Glavin (Docket No. 149). In sum, Talbitzer/Glavin convinced the Court to adopt their position that HomeStreet Bank's objections to their alleged unsecured claims must be determined in the Adversary Proceeding commenced by HomeStreet Bank.

        C.        <u>Talbitzer/Glavin Threaten HomeStreet Bank for Prosecuting the Adversary Proceeding Authorized by this Court</u>.

On February 8, 2011, counsel for Howard Talbitzer sent a letter on behalf of both Talbitzer and Glavin directly to an officer at HomeStreet Bank and to HomeStreet Bank's counsel (the "Demand Letter"). In the Demand Letter, Talbitzer/Glavin demand that HomeStreet "cease and desist" the following actions: i) prosecution of the Adversary Proceeding, ii) funding of the Adversary Proceeding, iii) support of any plan in this case that provides for the prosecution of the Adversary Proceeding, and iv) efforts to obtain relief from the stay in Talbitzer and Glavin's bankruptcy cases to pursue the Adversary Proceeding. *See* Demand Letter at 2-3, attached to the Declaration of Christopher M. Alston at Ex. A. The Demand Letter states that Talbitzer/Glavin intend to seek "all legal and equitable remedies available to them against HomeStreet and anyone acting in concert with HomeStreet," and that damages "will include general economic damages, consequential damages, and any available punitive damages." *Id*. at 3-4. Notably, Talbitzer/Glavin's Demand Letter fails to provide any explanation as to how HomeStreet Bank might be liable for punitive damages. While the amount of alleged potential claims is not stated, on Talbitzer's bankruptcy schedules filed the same day, he asserted to have claims against HomeStreet with a value of $15 million.

Talbitzer/Glavin further demanded that HomeStreet Bank sign and return the Demand Letter to confirm it will cease and desist from prosecuting the Adversary Proceeding by not later than 5 p.m. on February 11, just three business days after sending the Demand Letter. If HomeStreet does not capitulate to their demands, Talbitzer/Glavin declare that they will "seek

NOTICE OF MOTION AND MOTION TO ENFORCE ORDER - 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51126245.2

appropriate legal and equitable relief without further notice to [HomeStreet]." *See* Demand Letter at 4.

Talbitzer/Glavin's basis for demanding that HomeStreet cease and desist its prosecution of the Adversary Proceeding is that loan documents executed by Talbitzer/Glavin and HomeStreet prohibit HomeStreet from seeking to avoid Talbitzer/Glavin's third lien. *Id.* at 3. Not only is their position wrong, this Court already specifically ruled on and decided against the position asserted in the Demand Letter, as the Settlement Order expressly authorizes HomeStreet Bank to pursue the Adversary Proceeding despite the existence of the loan documents.

## II. DISCUSSION

### A. Talbitzer/Glavin Are Improperly Interfering with the Settlement Order.

The Bankruptcy Code authorizes bankruptcy courts to take any action to enforce or implement court orders or rules or to prevent an abuse of process through contempt proceedings. 11 U.S.C § 105(a); *In re Lapin*, 226 B.R. 637, 641-42 (9th Cir. BAP 1998). The statute authorizes courts to issue any order, process or judgment necessary or appropriate to carry out provisions of the Bankruptcy Code to impose sanctions to enforce and implement its own orders or rules, or to prevent abusive litigation tactics, so as to achieve orderly and expeditious disposition of cases before it. 11 U.S.C. § 105(a); *In re Icenhower*, 406 B.R. 42, 66-67 (Bankr. S.D. Cal. 2009). Conduct which delays or disrupts litigation or hampers enforcement of court order demonstrates "bad faith." *Id.*

With the Demand Letter, Talbitzer/Glavin attempt to hamper enforcement of a court order. The Settlement Order specifically authorizes HomeStreet Bank to prosecute the Adversary Proceeding against Talbitzer/Glavin, and specifically rejected Talbitzer/Glavin's argument that previously-executed loan documents prohibited HomeStreet Bank from pursuit of the Adversary Proceeding. Notably, Talbitzer/Glavin did not appeal the Settlement Order, so it is the law of the land. But instead of appealing, and instead of relying on the stay they obtained when they filed their own cases, Talbitzer/Glavin attempt to thwart the Court's Settlement Order

NOTICE OF MOTION AND MOTION TO ENFORCE ORDER - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51126245.2

by threatening HomeStreet and any "party acting in concert" with claims for, among other thing, punitive damages, unless HomeStreet Bank ceases from pursuing the very thing this Court authorized it to do. If HomeStreet Bank obtains relief from stay in the Talbitzer and Glavin cases, it should not face threats or interference with their efforts to pursue the Adversary Proceeding. The Court should find that Talbitzer/Glavin's conduct constitutes a willful attempt to disregard this Court's Settlement Order, that the conduct constitutes bad faith, and that conduct should be stopped and deterred with an appropriate order.

B. <u>Talbitzer/Glavin's Conduct Violates the Automatic Stay</u>.

The action to avoid the third lien represents a significant asset of the Debtor's estate. Talbitzer/Glavin's effort to intimidate HomeStreet Bank from prosecuting the Adversary Proceeding not only constitutes a collateral attack on the Settlement Order, but seeks to interfere with the administration of, and seeks to exercise control over, this valuable asset which HomeStreet Bank was authorized to pursue for the benefit of the estate. By issuing the Demand Letter, Talbitzer/Glavin have violated the automatic stay imposed by 11 U.S.C. § 362(a)(3).

C. <u>Judicial Estoppel Bars Talbitzer/Glavin's Conduct</u>.

Talbitzer/Glavin successfully asserted that HomeStreet Bank's objection to their unsecured claims should be resolved in the Adversary Proceeding commenced by HomeStreet Bank. With the Demand Letter, Talbitzer/Glavin now seek to stop the Adversary Proceeding by having HomeStreet Bank withdraw and stop funding the Adversary Proceedings. Talbitzer/Glavin both well know the Adversary Proceeding will cease if HomeStreet Bank does not fund the effort. So there is no doubt that they are attempting to derail the Adversary Proceeding completely, even though they convinced the Court to resolve HomeStreet Bank's claim objections in that proceeding.

The doctrine of judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. *In re Hoopai*, 581 F.3d 1090, 1097 (9th Cir. 2009). In determining whether to apply the doctrine,

NOTICE OF MOTION AND MOTION TO ENFORCE
ORDER - 6

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51126245.2

courts typically consider (1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party. *Id.* (citations omitted).

Here, Talbitzer/Glavin previously and successfully asserted that HomeStreet Bank's objections to their claims should be resolved in the Adversary Proceeding. They now take a completely inconsistent position by arguing that HomeStreet cannot participate in the Adversary Proceeding. How can HomeStreet Bank's objections be resolved in the proceeding if HomeStreet is not allowed to participate in the proceeding? It would be unfair to HomeStreet Bank if Talbitzer/Glavin's tactics result in HomeStreet Bank ceasing its participation in the proceeding where Talbitzer/Glavin successfully argued HomeStreet Bank's claim objection should be heard.

D. <u>The Demand Letter Violates the Rules of Professional Conduct</u>.

Talbitzer/Glavin compound their errors by communicating their threats directly to HomeStreet Bank in violation of the Rules of Professional Conduct. Counsel for Talbitzer has appeared numerous times in and out of court with the participation of HomeStreet Bank's counsel. The letter was addressed and sent to HomeStreet Bank's counsel. There can be no mistake that the author of the letter was fully aware that HomeStreet Bank in these matters is represented by counsel. Yet the Demand Letter—which is not simply a notice but is replete with threats of legal action—was sent directly to HomeStreet Bank in violation of the Washington[2] Rules of Professional Conduct. The applicable Rule states, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." RPC 4.2. By sending the overtly

---

[2] The loan documents on which Talbitzer/Glavin base their prior arguments to the Court and their arguments in the Demand Letter all plainly provide that Washington law governs.

NOTICE OF MOTION AND MOTION TO ENFORCE
ORDER - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51126245.2

threatening Demand Letter directly to HomeStreet Bank, this Rule of Professional Conduct has been violated.

### III. CONCLUSION

HomeStreet Bank is not taking any action to prosecute the Adversary Proceeding against Talbitzer/Glavin unless and until it obtains relief from the stay in their individual cases. But it is highly improper for Talbitzer/Glavin to threaten HomeStreet Bank so that HomeStreet Bank abandons the Adversary Proceeding before a ruling on its relief from stay motions in their cases. By issuing the Demand Letter, Talbitzer/Glavin seek to a) circumvent the Settlement Order with an argument this Court already rejected once before, and b) prevent resolution of HomeStreet Bank's objection to their claim in the forum Talbitzer/Glavin requested.

For all of these reasons, the Court should enter an order that requires creditors Howard Talbitzer and Anthony Glavin to cease and desist from their improper interference with the Settlement Order, and for other appropriate relief to deter such conduct in the future.

DATED this 11th day of February, 2011.

FOSTER PEPPER PLLC

*/s/ Dillon E. Jackson*

Dillon E. Jackson, WSBA #1539
Christopher M. Alston, WSBA #18823
Attorneys for Secured Creditor
HomeStreet Bank

NOTICE OF MOTION AND MOTION TO ENFORCE ORDER - 8

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51126245.2