BRIAN D. LYNCH
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2155
Tacoma, WA 98402

In re:

HAWKS PRAIRIE INVESTMENT, LLC,

Debtor.

No. 10-46635-BDL (Ch 11)

**Order re Motions to (1) Clarify or Vacate Order Approving Settlement, and (2) Enforce Order**

These motions came on for hearing on March 4, 2010. The Court considered the motion of Howard Talbitzer ("Talbitzer") [docket #187] to clarify or vacate the Court's Order for Approval of Settlement between Debtor and HomeStreet Bank ("Order Approving Settlement"), the responses by HomeStreet Bank ("HomeStreet") and the Philbrooks to the motion and the Reply by Talbitzer. The Court also considered the motion of HomeStreet to enforce the settlement [docket #161]; the responses to that motion by Talbitzer and Philbrooks, and the reply by HomeStreet. The Court (1) denies the motion of Talbitzer to vacate the Order Approving Settlement, (2) denies HomeStreet's motion to enforce said order, and (3) grants the motion to clarify the order in part, as provided herein.

**1. Talbitzer Motion to Vacate**

Talbitzer argues in the alternative that the Order Approving Settlement should be vacated on the grounds that (a) Talbitzer was mistaken as to the import of the Order on his claims against HomeStreet and the failure to so appreciate the import of the Order was due to excusable neglect; (b) that HomeStreet impliedly misrepresented that it intended to foreclose imminently on its fourth deed of trust, creating an artificial urgency, and said misrepresentation

ORDER RE: MOTIONS TO CLARIFY/VACATE AND TO ENFORCE SETTLEMENT ORDER - 1

constituted fraud; (c) that the Court did not consider the terms of the Subordination Agreement between the parties to determine its effect on any action to set aside the deed of trust given to Talbitzer and co-creditor Anthony Glavin ; (d) that to the extent the Court may have adjudicated the rights of third parties against HomeStreet, it lacked subject matter jurisdiction; and (e) the Court approved the Settlement unaware of the InterCreditor Agreement between HomeStreet, Talbitzer and other third parties.

None of the claims, even if accepted as true for purposes of this motion, constitute grounds for vacating the Order Approving Settlement under FRCP 60(b). As discussed below, Talbitzer overstates the effect of the Order, but regardless, Talbitzer had the opportunity to raise the arguments it raises now. There was no mistake or excusable neglect. The order granting relief from stay to HomeStreet does not dictate which of its three deeds of trust it could foreclose on, or whether it had to foreclose judicially or nonjudicially, or whether it had to foreclose under any sort of deadline. The Court did consider the argument regarding the Subordination Agreement in its ruling, and concluded that it was a claim that could be raised in the adversary challenging the Talbitzer deed of trust. Talbitzer has raised a new argument that the fraudulent conveyance claim brought by Hawks Prairie and HomeStreet is somehow prohibited by the InterCreditor Agreement, but this was raised after the Order was entered. As noted below, the Order does not preclude him from making that argument in any proceeding, and thus the Order does not implicate subject matter jurisdiction.

**2. HomeStreet Motion to Enforce Order**

Styled as a motion to enforce the Order Approving Settlement under 11 U.S.C. § 105, HomeStreet is asking the Court to limit Talbitzer and Glavin ("T/G") from arguing that the loan documents between the parties prohibit HomeStreet from pursuing the lien avoidance action

against T/G. HomeStreet's argument is that the Order Approving Settlement "overruled" T/G's arguments. The Order did not substantively address, much less rule on the merits of T/G's arguments under the various loan agreements regarding HomeStreet's right to participate in the action nor whether T/G had the right to bring any claims against HomeStreet. HomeStreet's motion is denied.

### 3. Talbitzer's Motion to Clarify

The alternative motion by Talbitzer asks the Court to "clarify" its Order Approving Settlement and then ticks off seven items which he thinks needs clarification. Not unlike HomeStreet, he appears to be asking for substantive guidance about the merits of the lien avoidance action and Talbitzer & Galvin's various defenses and claims. In the Court's view, clarification is unnecessary. But in the interest of possibly avoiding an unnecessary objection to plan confirmation, the Court wants to make clear to the parties that the Order Approving Settlement does not preclude Talbitzer, Glavin, the Philbrooks or any non-debtor third parties from asserting any defenses or state law claims they may have against HomeStreet including, without limitation, claims arising from contracts between such parties and tort claims; nor does it preclude any argument regarding the jurisdiction of the court over disputes between non-debtor parties.

**SO ORDERED:**

*/s/ Brian D. Lynch*
Brian D. Lynch
United States Bankruptcy Judge
(Dates as of Entered on Docket date above)
_____
Hon. Brian D. Lynch
United States Bankruptcy Judge

ORDER RE: MOTIONS TO CLARIFY/VACATE AND TO ENFORCE SETTLEMENT ORDER - 3